UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Da'Monte L. Dunham, #200223, | ) | C/A No. 6:09-1983-HFF-WMC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| York County Detention Center; | ) | |
| Rock Hill Drug Enforcement Unit, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Da'Monte L. Dunham ("Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at York County Detention Center in York, SC, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims the defendant detention center has violated his rights by detaining him illegally and providing an unsanitary environment, among other allegations. The Complaint should be summarily dismissed, as the named defendants are not "persons" under § 1983.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble,* 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Discussion**

Plaintiff complains that the law library is inadequate; that the provided toothbrush is used on animals; that the clothing and towels provided by the detention center are filthy, leading to a rash; that he has been denied the use of a grievance system; that he is being detained without evidence; that he has been unfairly punished; and he makes other more vague constitutional allegations. However, Plaintiff does not identify the individuals involved in any of the incidents or conditions about which he complains. Because Plaintiff does not name as Defendants persons who are amenable to suit, the Complaint is subject to summary dismissal.

Plaintiff attempts to state a claim under § 1983. In order to state a claim for damages under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Likewise, the purpose of a *Bivens* remedy is to deter violations by persons acting under color of federal law. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth*., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Because Defendants York County Detention Center and Rock Hill Drug Enforcement Unit are inanimate entities, not people, they are not amenable to suit under § 1983. While the Drug Enforcement Unit may be composed of people, using the term "unit" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).

As Plaintiff has failed to name a party who is amenable to suit under 42 U.S.C. § 1983, this case is subject to summary dismissal.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                                                          s/William M. Catoe
                                                                          U.S. Magistrate Judge

August 18, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).